THE BOARD OF COUNTY COMMISSIONERS OF SAGUACHE COUNTY v. SKINNER & PALMER.

1. COUNTIES—ADVERTISING FOR BIDS—TAX LISTS.

It is the duty of the board of county commissioners, under the act of 1894, to advertise annually for the publication of the delinquent tax list, and to let the contract for such publication to the lowest responsible bidder; but a failure to comply with the requirements of the act does not deprive them of the right to publish the list under and subject to the restrictions of the former statute, and to make an allowance to the printer for publishing the same.

2. SAME—PUBLICATION OF TAX LIST—QUANTUM MERUIT.

In the absence of a contract for the publication of the delinquent tax list and fixing the charges therefor, the printer can recover only the value of the services rendered, as in an action on a *quantum meruit*.

3. APPELLATE PRACTICE.

Unless the bill of exceptions shows that what it contains was all of the evidence, the judgment will not be disturbed on the ground that the evidence does not justify it.

4. SAME—EXCEPTIONS.

An exception can be preserved only by bill.   A journal entry is insufficient for that purpose.

*Appeal from the District Court of Saguache County.*

Mr. J. M. McDougal, for appellant.

Mr. Chas. D. Jones and Mr. Geo. T. Sumner, of counsel, for appellees.

Bissell, J., delivered the opinion of the court.

The necessary affirmance of this judgment cannot work very much injury to the county, and it appears to be warranted by the evidence.

In October, 1894, Skinner & Palmer, the appellees, presented a bill to Saguache county, for the publication of a delinquent tax list, amounting to $339. Part of the bill was paid, to wit, $140, and the county refused to pay the balance. The reason of the refusal is not very apparent. Skinner & Palmer were dissatisfied with this action, took an appeal to the district court, and there had a trial which resulted in a judgment in their favor for the unpaid balance, to wit, $198.75. The cause was tried without a jury. The only exception to the judgment appears in the journal entry. Nothing was preserved in the bill of exceptions, nor is there any certificate to the bill that it contains all the evidence introduced on the trial. We shall state one matter on which some reliance is placed, though we attach very little importance to the proof respecting it. There were three papers published in Saguache county, and the owners agreed that they would publish no legal advertisements at less than the statutory price, and would divide the proceeds of whatever work might be done by either paper in certain specified proportions. It will be observed there was no agreement to fix a price at which work should be done, other than an adoption of the statutory compensation for that class of work. This agreement extended to all kinds of legal work, and was made some months prior to the publication which is the subject-matter of this suit. The parties apparently made a bid to do the work at a price which would aggregate the sum for which the bill was put in. It is not very clear how the bid

was made, nor whether what was done was authorized by the board of county commissioners. The treasurer went to the publishers for a bid, which was given him, and the testimony would seem to indicate that he submitted it to the board, who accepted the arrangement. This, however, is not entirely clear from the testimony. At all events, the board did not advertise for a bid, nor make an award to the lowest bidder. The principal defense is based on this failure. The evidence would seem to show that the price charged was a reasonable one, and that the work was worth the money. Testimony of this kind was given, and there was nothing offered to controvert it, and we must accept it as true. The delinquent tax list was published, the county accepted the results of the work, and have evidently proceeded to enforce their collections under the statute. The county has had the benefit of the labor, has in reality accepted and adopted it, and is simply contesting the price which is to be paid.

It would be impossible to contest the liability of the county to pay for the work at the price named, had the provision of the General Statutes of 1883, section 2872, remained, as for years it was, the only legislation on the subject. In 1894, the legislature passed an act (Session Laws of 1894, page 45) making it the duty of the board of county commissioners to advertise annually for bids for the publication of the delinquent tax lists of counties, and requiring them to let the contract to the lowest responsible bidder, and fixing the maximum fee which might be charged by the publishers. The second section of the act made it the duty of the treasurer to publish the list in that paper to which the board might award the contract. It seems to be conceded no such advertisement was made. The board proceeded in the old way, and, acting either with or through the treasurer, accepted the proposition which the appellees made. The contention is the contract was therefore illegal, and the publishers not entitled to recover. We cannot accept this construction. It was undoubtedly the duty of the board to proceed according to the requirements of the act of 1894. A failure, how-

ever, cannot be held to deprive them of the right to publish the list under the authority and subject to the restrictions found in section 2872 of the General Statutes of 1883, which directs the board, in the absence of a contract, to make an allowance to the printer for publishing the list. The language of the act of 1894 is not so absolutely mandatory and restrictive in its character as to compel us to hold that a compliance with the provisions of that act is indispensable to a legitimate and legal publication of the tax list. To adopt this construction would make it possible for an incompetent or dishonest board to prevent the advertisement and stop the collection of unpaid taxes. No such construction should be adopted unless it is rendered absolutely essential by the phraseology of the act. There are no terms in the legislation which compel it. We cannot conceive that the provision which repeals all acts and parts of acts inconsistent with it is operative to repeal the other section. Both may stand, for neither is of necessity destructive of the other. Obviously, the legislature left section 2872 unrepealed, in order to provide for contingencies which might arise. We have already held the section not repealed by the act of 1891, and we regard the act of 1894 as subject to the same legitimate construction. *Beshoar v. Board of County Commissioners*, 7 Colo. App. 444.

It seems to be somewhat seriously insisted, because of the combination between the three papers of Saguache county, that the appellees were not entitled to recover the value of their services, notwithstanding the board had accepted the work and enjoyed its benefits. We are not at all clear that the evidence shows there was a specific contract between the printers and the county. In the view we take of the case, this is wholly unimportant. The appellees published the list, the county had the benefit of it, acted under it, and of necessity must pay the sum which it is reasonably worth. We are unable to see that the allegations with regard to the unlawful combination is of the slightest consequence. If there was no express contract for the publication, the combination was of no importance whatever, for all the

printers could recover was the value of the services rendered as in an action on a *quantum meruit*. The performance was established, the value of the services was proven, and the judgment simply followed the testimony in these particulars. Of course, we are unable to decide that the evidence does not justify the judgment, because we are without the certificate of the trial judge that what is preserved in the bill of exceptions is all of the evidence. Neither, on the other hand, have we a right to reverse the judgment because it is unsupported by the evidence, for there is no exception to the judgment preserved in the bill. *Solomon v. Saly*, 6 Colo. App. 170.

What we have said respecting the testimony and the contract might perhaps as well have been left unwritten, for the decision cannot be based on it for the reasons last given. We have preferred, however, to express our views of the effect of the testimony, since we are entirely satisfied it wholly supports the judgment.

We are unable to discover any error in the record, and the judgment will therefore be affirmed.

*Affirmed.*